SAM SOOGOFF, Respondent, v. MAX ROSENKRANZ and REBECCA ROSENKRANZ, Appellants.— Motion for stay of execution granted upon condition that appellants, within ten days from the entry of the order herein, shall file an undertaking, with corporate surety, to secure payment of the judgment, with costs in this court, in the event that the order denying motion for new trial be affirmed. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

ETHEL TOWERS, Respondent, v. ROBERT JAMES TOWERS, Appellant.— Motion for stay of alimony order denied on condition that plaintiff stipulate to proceed to trial on Monday, March 21, 1927, for which date the case is set down. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

RANDOLPH M. VALZ and Others, Appellants, v. SHEEPSHEAD BAY BUNGALOW CORPORATION and Others, Respondents.— Motion to dismiss appeal denied on condition that appellants perfect the appeal for the May term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

ANTONIO ANDRADE, Respondent, v. INTERNATIONAL CONTRACTORS & ENGINEERS OF AMERICA, INC., Appellant.— Owing to the death of Mr. Justice Jaycox reargument ordered, and case set down for Friday, March 18, 1927. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

FANNIE ARMSTRONG, Respondent, v. THE CITY OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

FREDERICK D. BERKELEY, Appellant, v. JAMES P. BRADLEY, Respondent.— Order, as resettled, vacating notice of examination before trial, reversed upon the law, without costs, and motion denied, without costs. Defendant is not charged with a crime under section 1433 of the Penal Law. The notice of examination is modified by striking from paragraph 2 thereof the words " notwithstanding that plaintiff had achieved his position with the company solely by merit, ability and industry; " by striking out paragraph 5 in its entirety; by striking from paragraph 9 that part which reads: " and has been unable to obtain another position elsewhere because of said discharge," and by limiting the *subpœna duces tecum* to those papers only which are in the possession of defendant individually, or in his possession as superintendent of agencies. Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ., concur. Settle order on notice.

BOROUGH DEVELOPMENT COMPANY, Appellant, v. THE CITY OF NEW YORK, Respondent. (Action No. 2.) — Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

BOROUGH DEVELOPMENT COMPANY, Appellant, v. THE CITY OF NEW YORK, Respondent. (Action No. 3.) — Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

JOHN L. BROWN, Appellant, v. LUCY E. BROWN, Respondent.— Order granting defendant's motion for alimony and counsel fee affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ., concur.

DONALD BRUNDIN, an Infant, by Y. PIERRE BRUNDIN, His Guardian ad Litem,